## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

       v.             :        **CRIMINAL NO. 25-59**

HANIEFF TRUSTY, JR.        :

### GOVERNMENT'S SENTENCING MEMORANDUM

The defendant stands before the Court for sentencing based his distribution of approximately 249 Suboxone strips and 6 grams of marijuana to an inmate at the Philadelphia Federal Detention Center ("FDC") on September 9, 2024.   For these reasons described below, the government recommends a sentence of 3 months' home detention, with a term of probation or supervised release to be determined by the Court, absent any basis for a departure addressed in the supplemental sealed attachment to this sentencing memorandum.

### I.    PROCEDURAL HISTORY

On February 19, 2025, the grand jury returned a two-count Indictment charging the defendant with one count each of distribution of a controlled substance, in violation of 21 U.S.C. § 841, and attempting to provide or possess contraband in prison in violation of 18 U.S.C § 1791(a)(1), (d)(1)(B).   (ECF No. 1.)   On January 7, 2026, the defendant pled guilty to both counts pursuant to a plea agreement.

### II.    SENTENCING CALCULATION

#### A.  Statutory Maximum Sentences

The statutory maximum penalties are: for Count One, charging distribution of a controlled substance, a term of imprisonment of 10 years, a term of supervised release of 3 years,

a fine of $500,000, and a special assessment of $100; and for Count Two, charging attempting to provide or possess contraband in prison in violation, a term of imprisonment of 5 years, a term of supervised release of 3 years, a fine of $250,000, and a special assessment of $100. The total permissible statutory maximum sentence is a term of imprisonment of 15 years, a term of supervised release of 3 years, a fine of $750,000, and a special assessment of $200.

## B. Sentencing Guidelines Calculation

The PSR correctly calculates the defendant's applicable advisory guideline range as 0 to 6 months' imprisonment (total offense level 6 and criminal history category I).

The Probation Office calculated the defendant's offense level as follows:

- The base offense level offense is 6 based on the applicable drug weights (249 units of a Schedule III substance and 6 grams of marijuana) (USSG § 2D1.1(a)(5)).

- 2 points are added because the object of the offense was the distribution of a controlled substance in prison (USSG § 2D1.1(b)(4)).

- 2 points are subtracted for acceptance of responsibility and timely plea (USSG § 3E1.1).

The applicable guidelines range is in Zone A of the Sentencing Table. As a result, the PSR correctly states that the Court may impose a period of home detention pursuant to USSG § 5B1.1, note 1(a). PSR ¶ 71.

## C. Analysis of 18 U.S.C. § 3553(a) Factors

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."

*Gall v. United States*, 128 S. Ct. 586, 596 (2007).   Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.   This Court must also consider all of the sentencing considerations set forth in Section 3553.   Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553.   The relevant § 3553 factors will be discussed in turn.

1. The Nature and Circumstances of the Offense and
   History and Characteristics of the Defendant

The defendant committed serious offenses.   He brought contraband, including suboxone and marijuana, into a federal prison.   Introducing contraband, especially controlled substances, into the controlled environment of the federal detention center presents a safety risk.   This conduct relies on individuals like the defendant who are willing to bring contraband into the prison.   Nevertheless, the government recognizes that the defendant is 20 years old, has a single criminal history point, had a familial connection to the FDC inmate, did not receive any money for his crimes, and agreed to accept guilt shortly after being indicted.   For these reasons, the

government contends that a sentence of three months' home detention takes into account the serious nature of the defendant's crime with his background and characteristics.

2. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

There is a strong need for the Court's sentence to promote respect for the law, reflect the seriousness of the offense, and provide just punishment for the offense. The defendant has pled guilty to felony drug offenses, which carry serious punishment in this case and will remain on his criminal record going forward. The government believes that these felony convictions, coupled with the recommended sentence of home detention, serve these important § 3553(a) factors.

3. The Need to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant

There is also a need for both specific and general deterrence. Unfortunately, it is not uncommon for individuals to bring contraband into Federal prisons, including the FDC. The sentence in this case—i.e., federal felony convictions and home detention—will send the message that bringing contraband to the FDC will result in serious consequences, even for young offenders who have limited criminal history.

The recommended sentence will also serve the goal of specific deterrence. The defendant is 20 years old. This conviction will result in a sentence in this case and may also have additional consequences if he commits crimes in the future, as federal felonies can often serve as the basis of higher sentencing exposure in future cases. The government believes that if the defendant knew that he would have been charged with federal felonies, he never would have brought the drugs into the FDC, and this will deter him from committing additional crimes in the future.

4. The Need to Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

The government is unaware of any need to adjust the defendant's sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

5. The Guidelines and Policy Statements Issued by the Sentencing Commission

The Guidelines are another important consideration. The government's recommendation of the sentence of home detention is consistent with USSG 5B1.1, note 1(a), which provides that a court may impose a period of home detention for defendants whose guidelines are in Zone A of the sentencing table.

6. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records who Have Been Found Guilty of Similar Conduct

Generally, the need to avoid unwarranted sentence disparities weighs in favor of imposing a sentence within the advisory guidelines range. The government's recommendation of a sentence of home confinement, which is consistent with the guidelines range of 0 to 6 months' imprisonment and the considerations regarding the imposition of home detention for Zone A offenses, would avoid unwarranted sentence disparities.

7. The Need to Provide Restitution to Any Victims of the Offense

Restitution is not an issue in this case.

**D. Supervised Release and Probation**

The plea agreement provides that the government agreed to recommend a sentence of up to three months of home detention, with a term of supervised release and fine to be determined

by the Court.    The government understands that home detention can be ordered as a condition of probation.    *See* USSG § 5B1.1, note 1(A).    If probation is ordered, the Court would not order supervised release.    *See* 18 U.S.C. § 3583(a) (supervised release may be imposed following a "sentence to a term of imprisonment").    Because, pursuant to the plea agreement, the government is not recommending a sentence to a "term of imprisonment"—but, rather, home detention—the government is prepared to recommend a sentence of probation, where home detention is a condition for the first three months (absent any basis for a departure addressed in the supplemental sealed attachment to this sentencing memorandum).

The considerations regarding the appropriate length and conditions of supervised release and probation are similar.    *See* USSG §§ 5D1.1-5D1.2 (supervised release) and §§ 5B1.1-5D1.3 (probation).    In considering the proper length of probation or supervised release, the government notes that the defendant is just 20 and already has two convictions (including this case). Accordingly, continued monitoring after serving home detention is necessary to aid his reentry to society and protect the public.    Additionally, the defendant does not have any work history and has not been particularly motivated to seek out gainful employment while on pretrial supervision. *See* PSR ¶ 58; ECF No. 32.    Because a condition of probation or supervised release includes obtaining gainful employment, the Court should consider this in terms of fashioning the proper length of probation or supervision because such a condition would assure that the defendant continues to pursue vocational efforts that promote rehabilitation.

6

### III.    CONCLUSION

The government's recommendation regarding sentencing appears in the sealed attachment.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

Date:   April 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum was served by ECF and email upon the following:

Jesse Smith, Esq. (jesse.smith@fd.org)

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

Date:   April 16, 2026

8